632 A.2d 633

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,

v.

Michael T. MAJZER.

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 24, 1993.

Decided Sept. 30, 1993.

Timothy P. Wile, Asst. Counsel In-Charge of Appellate Section for appellant.

No appearance for appellee.

Before CRAIG, President Judge, and COLINS and McGINLEY, JJ.

COLINS, Judge.

The Department of Transportation, Bureau of Driver Licensing (Department) petitions for review of an order of the Court of Common Pleas of Allegheny County (Common Pleas) that sustained the appeal of Michael T. Majzer (appellee) from the Department's notice of suspension of the registration of one of his motor vehicles (targeted vehicle) pursuant to Section 1786(d) of the Vehicle Code (Code).[1]

Appellee maintained a vehicle liability insurance policy (policy) with the Erie Insurance Group (Erie) prior to December of 1991.[2] On December 6, 1991, Erie cancelled appellee's policy because of appellee's alleged failure to pay the policy premi-

1. 75 Pa.C.S. § 1786(d).

2. Under the policy, Appellee maintained coverage on two automobiles.

um. Subsequently, appellee obtained replacement insurance coverage for his motor vehicles through a new policy with Erie, effective January 13, 1992. By official notice dated March 10, 1992 (suspension notice), the Department notified appellee that because of a reported lapse in financial responsibility coverage, the registration privilege for the targeted vehicle was scheduled to be suspended for three months, effective April 14, 1992 at 12:01 A.M.[3] The suspension notice further stated that appellee could avoid the scheduled suspension, if he provided the Department with satisfactory proof that there had not been a lapse in financial responsibility coverage with respect to the targeted vehicle or that the lapse in financial responsibility coverage was for a period less than 21 days, coupled with an affidavit stating that the targeted vehicle had not been operated during the lapse period. See 75 Pa.C.S. § 1786(d)(1).[4] Appellee appealed the suspension to Common Pleas pursuant to Section 1377 of the Code, 75 Pa.C.S. § 1377.[5]

On July 8, 1992, Common Pleas held a de novo hearing, at which time the Department moved to quash appellee's appeal as premature, pursuant to *Department of Transportation, Bureau of Motor Vehicles v. Andrews*, 143 Pa.Commonwealth Ct. 601, 600 A.2d 622 (1991). Common Pleas denied the Department's motion to quash, holding that it was unfair to require appellee to file a new appeal and, therefore, pay a second filing fee so as merely to come back into court.

3. The period in question with respect to the reported lapse in financial responsibility coverage was from December 6, 1991 to January 13, 1992, a period of 38 days (lapse period). In addition, the targeted vehicle bore Pennsylvania Registration Plate No. YS20599.

4. We note that 75 Pa.C.S. § 1786(d)(1) has since been amended by the Act of December 16, 1992, P.L. ——, which substituted a lapse period of 31 days, effective February 14, 1992.

5. 75 Pa.C.S. § 1377 provides, in pertinent part:

Any person whose registration has been denied or suspended by the department shall have the right to appeal to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure). The filing of the appeal shall act as a supersedeas and the suspension of registration shall not be imposed until determination of the matter as provided in this section.

Common Pleas admitted numerous Department documents into evidence, one of which was a letter from Erie to the Department, dated May 14, 1992 (Erie letter). The Erie letter stated that appellee's Erie policy had been cancelled, effective December 6, 1991, as a result of appellee's failure to pay the policy premium. Furthermore, the Erie letter stated that appellee obtained replacement insurance coverage from Erie, effective January 13, 1992. Finally, the Erie letter specified that the period of lapse in financial responsibility was from December 6, 1991 to January 13, 1992.

Appellee testified that he purchased a new truck and thereafter decided first, to add the new truck to his existing Erie policy and second, to drop one of his two automobiles from that policy. Appellee testified, however, that Erie continued to bill him for all three motor vehicles. Subsequently, appellee received a notice of cancellation from Erie whereupon appellee called his insurance agent (agent). Appellee testified that the agent informed him that Erie was not, in fact, going to cancel his insurance policy. In response to this testimony, the Department lodged a hearsay objection, at which time Common Pleas overruled the objection. Appellee further testified that his agent contended that Erie would send appellee another bill; appellee asserted that he never received said bill. Appellee then testified that thereafter, he called his agent who advised him that his Erie policy had been cancelled, because he owed $6.00 on the policy. Next, Appellee testified that his agent claimed that under the circumstances, the cancellation must have been a mistake. Finally, appellee testified that shortly thereafter, his Erie policy was reinstated.[6]

Under cross-examination, appellee stated that he did drive the targeted vehicle during the lapse period. Appellee maintained, however, that the only reason he drove the targeted vehicle during the lapse period was because he did not know the targeted vehicle was not included in his financial responsibility coverage. Countering the Department's claim that ap-

6. More specifically, appellee obtained replacement insurance coverage from Erie, effective January 13, 1992. His policy was not "reinstated."

pellee had received a suspension notice regarding his Erie policy, appellee insisted that he had also received information that his Erie policy was not going to be cancelled.

Common Pleas sustained appellee's appeal finding that appellee had made a "reasonable effort" to obtain insurance. Subsequently, the Department timely filed a petition for review with this Court.[7]

The Department argues that the suspension notice was not a final, appealable order. The Department is correct that the suspension notice is not a final, appealable order. The suspension notice in the instant matter is identical to that in *Andrews*, wherein we held that said suspension notice was not a final, appealable order and that we did not, therefore, have jurisdiction over the matter. Pursuant to *Andrews*, therefore, we do not have jurisdiction over the instant matter.

Accordingly, the order of the Common Pleas is vacated and appellee's registration is restored.

## ORDER

AND NOW, this 30th day of September, 1993, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is vacated and the case is remanded to the Court of Common Pleas with directions to quash the appeal filed with it of Michael T. Majzer. The notice of the suspension of the Department of Transportation dated March 10, 1992 is null and of no effect to suspend the registration of Michael T. Majzer.

Jurisdiction relinquished.

---

7. After failing to comply with this Court's March 4, 1993 order to file his brief by March 19, 1993, appellee was precluded by order of April 14, 1993, from filing his brief.