642 A.2d 608

**Edward T. WILLIAMS, Petitioner,**

v.

**DEPARTMENT OF CORRECTIONS, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted March 25, 1994.

Decided May 20, 1994.

Ronald H. Beifeld, for petitioner.

William E. Fairall, Jr., Asst. Counsel, for respondent.

Before DOYLE and NEWMAN, JJ., and SILVESTRI, Senior Judge.

NEWMAN, Judge.

Edward T. Williams (Claimant) appeals from a determination of the Commissioner of the Pennsylvania Department of Corrections (Commissioner) adjudicating his claims for benefits under the "Heart and Lung Act" [1] as well as pursuant to "Act 632." [2]  The Commissioner granted Claimant benefits under the Heart and Lung Act from the date of his injury, July 9, 1985 until the date of his termination from employment with the Department of Corrections (Department), August 3, 1986.  Commissioner denied Claimant's application for benefits pursuant to Act 632.

Claimant was hired as a corrections officer in July 1983 and was working as a corrections officer when he was injured on July 9, 1985.  On that day, Claimant was escorting an inmate who became involved in a physical confrontation with Claim-

---

[1].  Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. § 637.  This Act is untitled, but is commonly referred to as the Heart and Lung Act.

[2].  Act of December 8, 1959, P.L. 1718, *as amended,* 61 P.S. § 951.  This Act is referred to as Act 632.

ant's superior. Claimant testified that he tried to break up the fight and was thrown through a partially open doorway. As he proceeded back into the office, the door was slammed on his right shoulder, and as he turned to examine his shoulder, the door again slammed, hitting him in his back; Claimant testified that the door was solid metal.

Shortly after incurring his injury, Claimant requested from the Department the required information necessary to pursue benefits under the Heart and Lung Act[3] and Act 632.[4] After completing the forms and submitting them to the Department, Claimant was advised that he would not be eligible for benefits, and his claim forms would not be processed pursuant to the appropriate Acts. Claimant was advised to pursue benefits under The Pennsylvania Worker's Compensation Act, which he did, and Claimant received worker's compensation benefits retroactive to July 9, 1985. The Department of Corrections subsequently filed a successful petition for termination which was finally adjudicated in March of 1992.

On July 14, 1986, the Department ordered Claimant to report to work by July 28, 1986 since it determined that he no longer suffered from the injury that he sustained at work. Claimant failed to report to work that day. Subsequently, by letter of July 31, 1986, Claimant was terminated from the Department effective August 3, 1986.

3. Section 637(a) of the Heart and Lung Act provides in pertinent part that:

> Any ... corrections officer employed by the Department of Corrections, whose principal duty is the care, custody and control of inmates, ... who is injured in the performance of his duties ... and by reason thereof is temporarily incapacitated from performing his duties shall be paid ... his full rate of salary, as fixed by ordinance or resolution, until the disability arising therefrom has ceased ...

53 P.S. § 637.

4. Act 632 provides in pertinent part:

> Any employe of a State penal or correctional institution ... who is injured during the course of his employment by an act of any inmate ... shall be paid ... his full salary, until the disability arising therefrom no longer prevents his return as an employe of such department, board or institution at a salary equal to that earned by him at the time of his injury.

61 P.S. § 951.

In the interim, Claimant unsuccessfully tried to obtain benefits pursuant to the Heart and Lung Act as well as Act 632. These efforts finally culminated in Claimant filing a petition for review with this court, contending, *inter alia*, that he was denied a valid adjudication since the Department failed to comply with the statutory requirements of notice of a hearing and an opportunity to be heard. We agreed with Claimant, and by order dated March 31, 1992, we remanded the matter to the Department to determine Claimant's rights in accordance with our opinion.

On December 4, 1992, after taking testimony, a hearing officer recommended that Claimant's appeal be dismissed since Claimant failed to sustain his burden of proof of showing that he was entitled to benefits under the Heart and Lung Act.[5]

The Commissioner modified the hearing officer's conclusions. The Commissioner held that Claimant satisfied his burden of proof with respect to his eligibility for Heart and Lung benefits. However, the Commissioner believed that once Claimant was discharged from his position, he was no longer entitled to benefits. In his opinion, the Commissioner stated that, "It should be noted that these benefits are intended for individuals who are employed by the Department and who are expected to return to duty." Commissioner's decision at 3.

With respect to Act 632 benefits, the Commissioner held that Claimant failed to satisfy his eligibility for benefits since his testimony did not support a finding that Claimant's injuries were caused by an inmate. The Commissioner stated:

> The record clearly reveals, through claimant's own testimony, that it was at *that* time, i.e., upon his attempt to re-enter the office, that claimant incurred the injury. This reviewer is not satisfied that the claimant has met the burden of establishing that the injury to his shoulder and back were caused by the act of an inmate.

5. The Hearing Officer rendered no conclusions of law or findings of fact with respect to Claimant's Act 632 claim even though this issue was clearly raised and argued by the parties.

Commissioner's decision at 5. (Emphasis in original). Claimant has now appealed to this court.

Claimant presents two issues for our review: 1) whether the Department erred as a matter of law in denying Claimant benefits under the Heart and Lung Act beyond the date of his termination of employment, August 3, 1986; and 2) whether the Department erred as a matter of law in concluding that Claimant was not entitled to benefits under Act 632, because his injury did not result directly from the act of an inmate.[6]

## HEART AND LUNG BENEFITS

Claimant contends that he should have been entitled to Heart and Lung benefits beyond the date of his termination. Specifically, Claimant argues that the Commissioner's conclusion that since Claimant was terminated from his position, he was not entitled to benefits beyond the date of termination was in error since "... nothing would prevent any Commonwealth agency employer from terminating an employee weeks, or even days after asserting a claim under the Act so as to alleviate its obligations thereunder." Claimant's brief at 10–11.

It is clear that Heart and Lung Act benefits can be terminated in one of two ways: (1) when the claimant is able to return to work because his disability ceases or (2) when the claimant's disability is determined to be permanent as opposed to temporary. 53 P.S. § 637(a). An employer cannot terminate an employee's Heart and Lung benefits without conducting a full due process hearing in which it establishes one of these two components. *See Cunningham v. Pennsylvania State Police*, 510 Pa. 74, 507 A.2d 40 (1986). The instant case is unusual in that Claimant was already terminated from his position before he received any Heart and Lung benefits. A

---

6. Our standard of review from a decision of an administrative agency is well known:

> We are confined to a determination of whether there has been a violation of constitutional rights or an error of law or whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

review of relevant case law indicates that no one case is on point; however, there is one recent supreme court case that deals with a similar issue.

In *Camaione v. Borough of Latrobe,* 523 Pa. 363, 567 A.2d 638 (1989), *cert. denied,* 498 U.S. 921, 111 S.Ct. 298, 112 L.Ed.2d 251 (1990), our supreme court addressed the issue of whether a claimant's involuntary retirement had an effect on his benefits under the Heart and Lung Act. *Camaione* involved a police officer who suffered a work-related injury on February 5, 1975. The officer could not return to work and began receiving Heart and Lung benefits, because he was deemed temporarily incapacitated from performing his duties. The officer collected benefits until July 27, 1981 when his employer, the Borough of Latrobe (Borough) enacted a resolution, effective September 1, 1981, requiring the retirement of the two oldest police officers on the Borough police force because of economic necessity. The officer brought an action in mandamus seeking to have the Borough restore his full salary under the provisions of the Heart and Lung Act. The trial court denied relief, but this court reversed, and held that the officer was entitled to notice that his involuntary retirement would affect his rights under the Heart and Lung Act. Our supreme court reversed and held that since the Borough had the sole right pursuant to 53 P.S. § 46190 to regulate the size and membership of its police force because of economic constraints, it had the right to invoke that section and retire the officer. Our supreme court decided that the officer's retirement removed him from the group of employees covered by the Heart and Lung Act.

In the instant case, the Department discharged Claimant not pursuant to some legislative mandate as in *Camaione,* but after it determined in its sole discretion that his disability had ceased. While it is undoubtedly true that at that point Claimant's employment relationship was severed, it would be counter-productive to the purposes and mandates of the Heart and Lung Act for us to permit an employer unilaterally to discontinue benefits on the basis that it perceived that an employee's disability had ceased without support in the record

for that proposition. This is especially true in light of the fact that we required a full due process hearing for termination of benefits when an employee is already receiving benefits. It would be patently unfair to allow the Department to undertake this action without a basis for its decision which is reflected in the record establishing that Claimant's disability had ceased.

Given that the record is completely devoid of any testimony as to whether Claimant's disability had ceased as of the date of his termination, we cannot conduct meaningful appellate review at this time. Thus, we must remand this matter to the agency to undertake further proceedings consistent with this opinion to examine whether Claimant's disability had ceased as of August 3, 1986 in order to adjudicate Claimant's continued entitlement to Heart and Lung benefits.

## ACT 632 BENEFITS

With respect to his second issue, Claimant also sought entitlement to Act 632 benefits. It is clear that Claimant bears the burden of establishing eligibility for Act 632 benefits. *Hardiman v. Department of Public Welfare,* 121 Pa.Commonwealth Ct. 120, 550 A.2d 590 (1988). Consequently, Claimant had to establish that he was ". . . injured during the course of his employment by an act of an inmate," and that the disability ". . . prevent[ed] his return as an employee of such department . . . at a salary equal to that earned by him at the time of injury." 61 P.S. § 951; *Schanz v. Bureau of Corrections,* 52 Pa.Commonwealth Ct. 300, 415 A.2d 978 (1980).

Claimant argues that the Commissioner's finding that his injury did not result directly from an act of an inmate was in error. A review of the instant record reveals that this finding [7] is not supported by substantial evidence. The only testimony pertaining to the injury was presented by Claimant who testified at the hearing that:

7. In *Department of Public Welfare v. Hickey,* 136 Pa.Commonwealth Ct. 223, 582 A.2d 734 (1990) we stated that causation is a question of fact to be determined by the fact finder.

A. And they had a physical brawl, and I tried to break the fight up.

Q. All right; now, Officer Korin and the inmate are having a fight; what happen (sic) to you, as you tried to break it up?

A. Well, I was thrown by the two from the fight in the doorway.

\*    \*    \*    \*    \*    \*

A. And as I proceeded back into the office, the door was slammed on my shoulder.

\*    \*    \*    \*    \*    \*

A. And then I turned to favor my shoulder, and then it was slammed again on the back.

(Notes of Testimony, September 16, 1992 at 37–39).

It is clear from this testimony that "but for" the fight which was initiated by the inmate, Claimant would not have been injured. Furthermore, it is clear that the inmate's action in starting the fight was a substantial contributing factor to Claimant's resultant injuries.[8] Thus, Claimant satisfied the required causation element of Act 632. However, we are unable to determine from the record whether Claimant satisfied the second part of the Act, that is, whether the disability "... prevent[ed] his return as an employee of such department ... at a salary equal to that earned by him at the time of injury." Moreover, if Claimant is able to demonstrate eligibility for Act 632 benefits, it is unclear the period of time he should receive those benefits, since they are to terminate once the Employer can show that the employee's disability no longer prevents his return to his pre-injury salary. *Wertz v. Department of Corrections,* 148 Pa.Commonwealth Ct. 133, 609 A.2d 899 (1992).

---

**8.** There is no doubt that the inmate's conduct created a force that was continuous and active up to the time of Claimant's injury. Moreover, the testimony did not reveal any indication of another factor that would have broken the chain of causation. *See Restatement (Second) of Torts,* Section 431(a).

Hence, we must issue an order remanding this case to the Department of Corrections for further proceedings in order for it to undertake a proper determination of Claimant's eligibility for Heart and Lung Benefits and Act 632 claims in accordance with this opinion.

## *ORDER*

AND NOW, May 20, 1994, the determination of the Commissioner of the Department of Corrections is vacated and the matter is remanded to the Department of Corrections with directions to conduct further proceedings in accordance with our opinion.

Jurisdiction relinquished.