

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-23-2009

# City of Wilkes-Barre v. Robert Sheils, Jr.

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1412

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"City of Wilkes-Barre v. Robert Sheils, Jr." (2009). *2009 Decisions.* Paper 1489.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1489

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 08-1412

———————

In re:  GEORGE W. COLE,
                                          Debtor

CITY OF WILKES-BARRE,
                                          Appellant
                            v.

ROBERT P. SHEILS, Jr.,  Trustee

———————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court  No. 07-cv-01238
District Judge: The Honorable James M. Munley

———————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 14, 2009

Before: MCKEE, SMITH, *Circuit Judges*
and STEARNS, *District Judge\**

(Filed: April 23, 2009)

———————

OPINION

———————

SMITH, *Circuit Judge.*

        *The Honorable Richard G. Stearns, District Judge of the United States District
Court for the District of Massachusetts, sitting by designation.

        Under the Pennsylvania Heart & Lung Act (HLA), the City of Wilkes-Barre (City)

was obligated to pay police officer George Cole wages and medical expenses during the period that Cole was unable to work after being severely injured in the line of duty. Cole subsequently brought a personal injury action against the third parties responsible for his injuries. The City then sought to recover its HLA payments by asserting a right of subrogation against the settlement Cole won in his personal injury action. Presently, the City appeals from a determination by the United States District Court for the Middle District of Pennsylvania that Section 1720 of the Motor Vehicle Financial Responsibility Law (MVFRL)[1] bars the City from asserting a right of subrogation against Cole's settlement proceeds. We will vacate the District Court's judgment and remand the case to the District Court for further consideration consistent with this opinion.

## I.

Cole was severely injured in 1996 when a Luzerne County vehicle struck his police cruiser. He was unable to return to work for nine years. During those nine years, the City paid Cole HLA benefits totaling $425,945.69. Meanwhile, Cole also sued Luzerne County for the injuries he had suffered. While Cole's personal injury action was pending, he filed a voluntary petition for Chapter 7 bankruptcy. Robert Sheils, Jr., the appellee, was appointed trustee for Cole's bankruptcy estate. In 2005, the United States Bankruptcy Court for the Middle District of Pennsylvania approved a settlement of Cole's personal injury action according to which the trustee received $495,000.

In 2004, however, the City asserted a common-law right of subrogation to recover

---

[1] 75 Pa. Cons. Stat. Ann. § 1720.

its HLA payments from Cole's personal injury settlement. The Bankruptcy Court rejected the City's claim. That Court concluded that Cole was immune from subrogation pursuant to 77 Pa. Stat. Ann. § 501 and granted the trustee's motion for summary judgment.

The City appealed the Bankruptcy Court's decision to the District Court under 28 U.S.C. § 158. The District Court noted that it did not necessarily disagree with the Bankruptcy Court's reasoning but denied the City's appeal on a separate ground: the District Court determined that the City's right of subrogation was barred by Section 1720 of the MVFRL. The City now appeals from that determination.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review the District Court's legal conclusions *de novo* and its findings of fact for clear error. *Citicorp Venture Capital, Ltd. v. Committee of Creditors Holding Unsecured Claims*, 323 F.3d 228, 232 (3d Cir. 2003). When applying substantive Pennsylvania law, we must defer to decisions of the Pennsylvania Supreme Court. Where the Pennsylvania Supreme Court has not directly addressed an issue, we must predict how that Court would rule. *See Travelers Indem. Co. of Ill. v. DiBartolo*, 131 F.3d 343, 348 (3d Cir. 1997).

## III.

### A.

Before addressing the District Court's determination that § 1720 of the MVFRL bars the City from asserting a right of subrogation to recover HLA payments, we briefly review the relevant law. The HLA provides lost wages and medical benefits to certain public employees, such as police officers and firefighters, who face significant risks in the

3

ordinary course of their professions.[2] *Cunningham v. Pa. State Police*, 507 A.2d 40, 43

(Pa. 1986) ("The [HLA] was created to ensure that, if these employees were injured or

otherwise disabled in the course of carrying out their hazardous duties, they would be

guaranteed continued full income until their return to duty."). HLA benefits are thus

similar to workers' compensation wage and medical benefits under the Workers'

Compensation Act (WCA),[3] except that the HLA guarantees qualifying employees their

full income, instead of a fraction of their income, until they return to duty. Also, whereas

the WCA provides employers with a statutory right of subrogation to recover WCA

payments from an employee's tort recovery, 77 Pa. Stat. Ann. § 671, the HLA does not.

*Fulmer v. Commonwealth of Pa.*, 647 A.2d 616, 619 (Pa. Commw. Ct. 1994).

Nevertheless, the Pennsylvania Supreme Court has recognized an equitable right of

subrogation by which a state entity may recover wages and medical benefits paid to a

---

[2] Act of June 28, 1935, P.L. 477, *as amended*, 53 Pa. Stat. Ann. §§ 637, 638. Section 637 of the HLA states:

> (a) Any member of the State Police force . . . who is injured in the performance of his duties . . . and by reason thereof is temporarily incapacitated from performing his duties shall be paid by the Commonwealth of Pennsylvania if a member of the State Police force, by which he is employed, his full rate of salary . . . until the disability arising therefrom has ceased. All medical and hospital bills, incurred in connection with any such injury, shall be paid by the Commonwealth of Pennsylvania . . . . During the time salary for temporary incapacity shall be paid by the Commonwealth of Pennsylvania . . . any workmen's compensation received or collected by any such employee for such period shall be turned over to the Commonwealth of Pennsylvania . . . and paid into the treasury thereof, and if such payment shall not be so made by the employee the amount so due the Commonwealth of Pennsylvania . . . shall be deducted from any salary then or thereafter becoming due and owing . . . .

[3] Act of June 2, 1915, P.L. 736, *as amended*, 77 Pa. Stat. Ann. §§ 1–1031.

4

police officer injured in the line of duty. *See Topelski v. Universal South Side Autos, Inc.*, 180 A.2d 414 (1962); *see also Phila. v. Phila. Rapid Transit Co.*, 10 A.2d 434 (1940).

In 1984, however, the Pennsylvania legislature enacted the MVFRL. Sections 1720 and 1722 of the MVFRL apply to actions "arising out of the maintenance or use of a motor vehicle."[4] Section 1720 initially barred an employer's right of subrogation to recover workers' compensation payments, and Section 1722 barred an injured employee's right to seek workers' compensation payments in an action against the party that caused the injuries. Specifically, Section 1720 provided:

> "In actions arising out of the maintenance or use of a motor vehicle, there shall be no right of subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits, benefits available under section 1711 (relating to required benefits), 1712 (relating to availability of benefits) or 1715 (relating to availability of adequate limits) or benefits paid or payable by a program, group contract or other arrangement whether primary or excess under section 1719 (relating to coordination of benefits)."

75 Pa. Cons. Stat. Ann. § 1720 (Subrogation). Section 1722 provided:

> "In any action for damages against a tortfeasor, or in any uninsured or underinsured motorist proceeding, arising out of the maintenance or use of a motor vehicle, a person who is eligible to receive benefits under the coverages set forth in this subchapter, or workers' compensation, or any program, group contract or other arrangement for payment of benefits as defined in section 1719 (relating to coordination of benefits) shall be precluded from recovering the amount of benefits paid or payable under this subchapter, or workers' compensation, or any program, group contract or other arrangement for payment of benefits as defined in section 1719."

75 Pa. Cons. Stat. Ann. § 1722 (preclusion of recovering required benefits).

But Sections 1720 and 1722 were repealed in 1993 to the extent they relate to

---

[4] 75 Pa. Cons. Stat. Ann. §§ 1720, 1722.

5

workers' compensation payments (the 1993 Repeal). 75 Pa. Cons. Stat. Ann. § 1720 ("75 Pa. Cons. Stat. Ann. § 1720 is repealed insofar as it relates to workers' compensation payments or other benefits under the Workers' Compensation Act, pursuant to 1993, July 2, P.L. 190, No. 44, § 25(b)"); 75 Pa. Cons. Stat. Ann. § 1722 (same as to Section 1722). Thus, Section 1722 no longer deprives a plaintiff of the right to plead in a tort action against the party that caused the injuries, the amount of benefits paid or payable to him, and Section 1720 no longer deprives an employer of a right of subrogation to seek recovery of WCA payments. Sections 1720 and 1722, and their partial repeals in 1993, do not mention HLA benefits, however. Therefore, Pennsylvania case law must guide the determination of whether Section 1720 bars an employer's right of subrogation to recover HLA payments.

## B.

The District Court relied on *Fulmer*, 647 A.2d 616, to conclude that Section 1720 barred the City from asserting a right of subrogation against Cole's personal injury settlement.[5] In 1987, Fulmer, a state trooper, was seriously injured in an automobile accident. Two years later, he instituted a personal injury action against the driver who struck his cruiser. In the meantime, the State Police had paid Fulmer HLA benefits; they then sought to assert a right of subrogation against Fulmer's personal injury action

---

[5]The District Court also cited *City of Pittsburgh v. Workers' Compensation Appeal Board (Williams)*, 810 A.2d 760, 762 n.5 (Pa. Commw. Ct. 2002) (holding that the Pittsburgh Police Department did not illegally terminate an officer's HLA benefits and that the Police Department was entitled to a subrogation interest against the officer's third-party settlement), to support its reasoning. But *City of Pittsburgh* provides only a conclusory note referring to *Fulmer* and its holding does not depend on that note.

recovery.

The Commonwealth Court explained that "[b]enefits received under the [HLA] effectively replace workmen's compensation benefits for those employees covered [by the HLA]." *Id.* at 619. In view of this identity between WCA and HLA payments, the Commonwealth Court decided that the catch-all clause of Section 1720 ("or benefits paid or payable by a program, group contract or other arrangement") extended to HLA payments and that Section 1720 barred the State Police from asserting a right of subrogation against Fulmer's personal injury proceeds. *Id.* at 620. The Court also expressed concern for the equities of the case. It observed that allowing a right of subrogation would prevent Fulmer from being fully compensated for his injury because Section 1722 barred him from seeking his wage and medical benefits in a personal injury action. *Id.* Consequently, subrogation, in conjunction with the Section 1722 bar, would have left Fulmer without full compensation for his injuries—an inequitable result.

Since the 1993 Repeal, however, Section 1722 no longer bars an employee from seeking to recover amounts corresponding to WCA benefits in a personal injury action, and a key rationale to *Fulmer*'s holding no longer exists. *See id.* at 618 n.3. ("[The 1993 Repeal] has no impact on [Fulmer's] case. . . . [W]e express no opinion on the effect of [the 1993 Repeal] on the Heart and Lung Act in a case arising after the effective date of [the 1993 Repeal]."). Nevertheless, *Fulmer* does provide useful guidance insofar as it recognized the identity between workers' compensation and HLA benefits in the application of Section 1720. Drawing on *Fulmer*, the Commonwealth Court subsequently ruled on exactly the question presented in this appeal. In *Brown v. Rosenberger*, 723 A.2d

7

745, 747 (Pa. Commw. Ct. 1999), the Court determined that Sections 1720 and 1722 did not bar an employer's right of subrogation or an employee's right to seek the amounts corresponding to HLA payments in a personal injury action.

In *Brown*, a state trooper was injured when her police cruiser was struck by another vehicle. After the accident, the State Police paid her full salary and medical expenses as required under the HLA. The State Police recovered 66 and 2/3's of Brown's salary from its workers' compensation insurance carrier and sought to recover the balance of her salary and medical costs from the tortfeasor by right of subrogation.

The trial court relied on *Fulmer* to equate HLA and workers' compensation benefits, observing that "the clear effect of [*Fulmer*'s] holding was to treat Heart and Lung Act benefits the same as workers' compensation benefits for the purposes of the prohibitions to subrogation and pleading as found in Sections 1720 and 1722 of the [MVFRL]." *Brown v. Rosenberger*, 40 Pa. D. & C.4th 432, 439 (Pa. Com. Pl. 1998). Recognizing that the 1993 Repeal "reinstated the right of an employer or benefit provider and plaintiff to seek subrogation and to plead lost wages and medical benefits in any action against a third-party tort-feasor in a motor vehicle case," the trial court determined that "the pre-[MVFRL] principle of equity and unjust enrichment must again operate to allow recovery against a third-party tort-feasor for all losses sustained, and must also allow a benefit provider to be subrogated to any recovery of benefits." *Id.* The trial court concluded that Section 1720 did not bar the State Police from asserting a right of subrogation:

[A]s a matter of law, the plaintiff may plead, prove and recover those amounts

8

paid to her through the Heart and Lung Act, as well as those amounts paid by the workers' compensation carrier. The Heart and Lung Act provider and the workers' compensation carrier shall have the right of subrogation to any third-party tort-feasor.

*Id.* at 440. The Commonwealth Court endorsed this reasoning and conclusion to affirm the trial court's judgment. *Brown*, 723 A.2d at 747 ("[W]e find that the issues presented to this Court have been thoroughly reviewed and addressed in the opinion of the [trial court]. Accordingly, we affirm on the basis of the trial court's opinion . . . .").

We agree with *Brown*'s reasoning, which comports, moreover, with the purpose of subrogation as stated in Pennsylvania case law:

> "[T]he rationale for the right of subrogation is threefold: to prevent double recovery for the same injury by the claimant, to insure that the employer is not compelled to make compensation payments made necessary by the negligence of a third party, and to prevent a third party from escaping liability for his negligence . . . . [S]ubrogation is just, because the party who caused the injury bears the full burden; the employee is made 'whole,' but does not recover more than what he requires to be made whole; and the employer, innocent of negligence, in the end pays nothing."

*Hannigan v. Workers' Comp. Appeal Bd. (O'Brien Ultra Serv. Station)*, 860 A.2d 632, 635 (Pa. Commw. Ct. 2004) (internal quotations omitted). As *Fulmer* recognized, HLA and WCA wage and medical benefits are similar for the purposes of subrogation and pleading under Sections 1720 and 1722 of the MVFRL. The HLA and WCA both ensure that the employees they cover receive lost wages and medical benefits after suffering an injury that prevents them from working for some period of time. Where the employee may seek HLA benefits from a third-party in a tort action, the purpose of subrogation has as much pertinence for HLA benefits as it does for WCA benefits. After reviewing

9

Pennsylvania case law, we conclude that Section 1722 does not bar Cole from pleading HLA payments in his personal injury action, and Section 1720 does not bar the City from asserting an equitable right of subrogation against Cole's tort recovery.

Accordingly, we will vacate the District Court's judgment and remand the case to the District Court for further consideration in accordance with this opinion.