**Brown v. Rosenberger**

*Dale E. Anstine,* for plaintiff.
*Richard J. Margolis,* for defendants.

TERESHKO, *J.,* March 6, 1998—This matter comes before this court on plaintiff's, Elise Brown, motion for partial summary judgement, and defendants' Craig

Rosenberger and Philadelphia Coca-Cola Bottling Company, answer to plaintiff's motion.

Briefly, the underlying facts and procedural history are as follows:

On September 12, 1995, plaintiff was a trooper with the Pennsylvania State Police, who was involved in a motor vehicle accident during the course of her employment, with the defendant, Craig Rosenberger, an employee of defendant, Philadelphia Coca-Cola Bottling Company. During plaintiff's incapacity, the Pennsylvania State Police paid the plaintiff's salary and medical bills through the provisions of the Heart and Lung Act.[1] As a result of her accident, plaintiff was also entitled to receive workers' compensation and the insurance carrier paid the earning benefits available for the plaintiff to the Pennsylvania State Police. The benefits paid were 66 2/3 of the full salary of plaintiff. Since the PSP only received 2/3 of the trooper's salary,

---

1. Act of June 28, 1935, P.L. 477, as amended section 53 P.S. §637 states:

"Section 637. State Police . . ., Injuries and diseases; Compensation and expenses.

"(a) Any member of the State Police force,—who is injured in the performance of his duties . . . , and by reason thereof is temporarily incapacitated from performing his duties *shall be paid by the Commonwealth of Pennsylvania if a member* of the State Police force, by which he is employed, *his full rate of salary,* . . ., until the disability arising therefrom has ceased. *All medical and hospital bills,* incurred in connection with any such injury, *shall be paid by the Commonwealth of Pennsylvania* . . . During the time salary for temporary incapacity shall be paid by the Commonwealth of Pennsylvania . . ., any workmen's compensation received or collected by any such employee for such period shall be turned over to the Commonwealth of Pennsylvania . . ., and paid into the treasury thereof, and if such payment shall not be so made by the employee the amount so due the Commonwealth of Pennsylvania, . . . shall be deducted from any salary then or thereafter becoming due and owing . . . ."

it arguably has a claim against an alleged tort-feasor for the remaining 1/3 of the salary paid. PSP also paid all medical benefits for which it may arguably be repaid.

Plaintiff argues that the Act 44 amendments in 1993 restored the right of subrogation to a workers' compensation insurance carrier for benefits paid to employees injured in motor vehicle-related accidents while in the course and scope of their employments and also repealed the preclusion against recovering those benefits in any third-party action. Plaintiff further argues that for the purposes of the Motor Vehicle Financial Responsibility Law, the Pennsylvania State Police should be treated no differently than a workers' compensation carrier regarding its fight to be subrogated to any claim plaintiff may have against a third-party tort-feasor.[2]

On the other hand, defendants contend that the Act 44 amendments repealed only the bar of subrogation for Workers' Compensation Act benefits paid to plaintiff. Therefore, since the insurance carrier paid workers' compensation benefits to Pennsylvania State Police and not the plaintiff, the PSP have no right of subrogation for salary and medical benefits paid to plaintiff via the Heart and Lung Act. Defendants further argue that since Act 44 failed to amend or revise the Heart and Lung Act which presently contains no specific provision permitting a right of subrogation, then plaintiff is not entitled to plead, prove or recover any medical bills or wages paid by the Pennsylvania State Police pursuant to the Heart and Lung Act.

On January 27, 1998, this court entered the following order.

---

2. Act of July 2, 1993, P.L. 190, no. 44, concurrently repealed section 1720 (relating to subrogation) and section 1722 (relating to preclusion of benefits) of the Motor Vehicle Financial Responsibility Law insofar as they relate to benefits under the Workers' Compensation Act.

"And now, to wit, January 27, 1998, upon consideration of plaintiff's motion for partial summary judgement, it is hereby ordered and decreed that the motion is granted upon a finding that as a matter of law, the plaintiff may plead, prove and recover those amounts paid to her through the Heart and Lung Act, as well as those amounts paid by the workers' compensation carrier. The Heart and Lung Act benefit provider and the workers' compensation carrier shall have the right of subrogation to any third-party tort-feasor." (See attached: exhibit "A".)

The initial issue this court shall address, which is of first impression in this jurisdiction, is as follows:

"Whether the repeal of sections 1720 and 1722 of the Pennsylvania Motor Vehicle Financial Responsibility Law which reinstated the right of subrogation by a workers' compensation carrier against a third-party tort-feasor and reinstated the right of plaintiff to introduce evidence at trial of medical bills and lost wages, failed to accord the same rights to a benefit provider under the Heart and Lung Act and to a plaintiff who received benefits under the same Act."

To fully comprehend the arguments presented by the parties and the rationale behind this court's decision in granting plaintiff's motion for partial summary judgment, it is imperative to examine the statutory evolution of sections 1720 and 1722 of the MVFRL in relation to the existing case law and the Workers' Compensation and Heart and Lung Acts.

Historically, "[w]here the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employee . . . against such third party . . . ." Workers' Compensation Act of June 2, 1915, P.L. 736, article 111 §319, 77 P.S. §671; *Heckendorn v. Consolidated Rail Corp.,* 502 Pa. 101, 108, 465 A.2d 609, 612 (1983). However, when the legislature enacted

the MVFRL, in 1984, it took away the employer's right to be subrogated from tort recoveries in actions arising out of motor vehicle accident cases. 75 Pa.C.S. §1720 (1984).[3]

Additionally, when the MVFRL was enacted in 1984, it contained a provision at 75 Pa.C.S. §1722 as follows:

"Section 1722. Preclusion of pleading, proving and recovering required benefits. In any action for damages against a tort-feasor arising out of the maintenance or use of a motor vehicle, a person who is eligible to receive benefits under the coverages set forth in section 1711 (relating to required benefits) shall be precluded from pleading, introducing into evidence or recovering the amount of benefits paid or payable under section 1711. This preclusion applies only to the amount of benefits set forth in section 1711."

Effective August 31, 1993, revisions to the Workers' Compensation Act repealed sections 1720 and 1722 to the extent that they relate to workers' compensation payments or other benefits under the Act. The legislature passed what is commonly referred to as the Act 44 amendments to the Workers' Compensation Act. Section 25(b) of the Act of July 2, 1993 P.L. 190, no. 44. The passage of Act 44 which concurrently repealed 75 Pa.C.S. §§1720 and 1722 restored the right of subrogation to a workers' compensation insurance carrier for benefits paid to employees injured in motor vehicle related accidents while in the course of their employment

_____

3. 75 Pa.C.S. §1720 (1984): Subrogation provision provides: "In actions arising out of the maintenance or use of a motor vehicle there shall be no right of subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits . . ., benefits available under sections 1711 (relating to required benefits), 1712 (relating to availability of adequate limits) or benefits paid or payable by a program, group contract or other arrangement whether primary or excess under section 1719 (relating to coordination of benefits)."

and the right for plaintiff to recover those amounts at trial.

Thus, before the 1993 Act, a claimant could not introduce at trial benefits received under the Workers' Compensation Act and the benefit provider could not assert its right of subrogation. After the 1993 Act, the prohibition of these formerly enjoyed rights was removed.

Restated another way, the rights that were enjoyed by benefit providers and plaintiffs prior to the 1984 MVFRL were now restored.

With this historical framework in place, we must now look to how the benefit provider under the Heart and Lung Act has been viewed in any statutory scheme or in case law construing same.

In *Fulmer v. Commonwealth, Pennsylvania State Police,* 167 Pa. Commw. 60, 647 A.2d 616 (1994), the Commonwealth Court identified the fact that "the Heart and Lung Act contains no specific provision concerning an employer's right to subrogation." Therefore, it is to the case law we must look for guidance.

Prior to the enactment of the 1984 MVFRL, it was commonly understood that an employer had a right of subrogation and a plaintiff had a right to plead loss of wages and medical bills in any action against a third-party tort-feasor in a motor vehicle accident. *Philadelphia v. PRT Co.,* 337 Pa. 1, 10 A.2d 434 (1940); *Topelski v. Universal South Side Autos Inc.,* 407 Pa. 339, 180 A.2d 414 (1962).

With the enactment of the MVFRL in 1984, specifically sections 1720 and 1722, such rights were precluded by the legislature in its attempt to implement a new scheme of recovery in auto accident cases (author's comment). Because the legislature was silent as to whether a benefit provider under the Heart and Lung Act was subject to the same preclusionary effect of the statute, the Commonwealth Court took up the

issue in *Fulmer,* at 65, 607 A.2d at 619. There, the Commonwealth Court held that "[b]enefits received under the Heart and Lung Act effectively replace workmen's compensation benefits for those employees covered by its provisions." The clear effect of this holding was to treat Heart and Lung Act benefits the same as workers' compensation benefits for purposes of the prohibitions to subrogation and pleading as found in sections 1720 and 1722 of the MVFRL.

Given the virtual common identity accorded to the above benefits (and by necessary inference the benefit providers) can defendants now claim that the common identity be severed and disparate treatment be accorded to injured employees who have different employers.

It is undisputed that Act 44 repealed the prohibitions of sections 1720 and 1722 and reinstated the right of an employer or benefit provider and plaintiff to seek subrogation and to plead lost wages and medical benefits in any action against a third-party tort-feasor in a motor vehicle case. It is clear that by virtue of this repeal, the pre-1984 principle of equity and unjust enrichment must again operate to allow recovery against a third-party tort-feasor for all losses sustained, and must also allow a benefit provider to be subrogated to any recovery of benefits. The distinction between an employer under the Heart and Lung Act and an employer under other benefit provider schemes is irrelevant for these purposes.

Finally, we examine the standard for a grant of summary judgement. Under governing principles, a motion for summary judgement is properly granted where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The record must be viewed in the light most favorable to the non-moving party, and all

doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Summary judgement may be entered only in those cases where the right is clear and free from doubt. *Pennsylvania State University v. County of Centre,* 532 Pa. 142, 615 A.2d 303 (1992). This court found that the Pennsylvania State Police and the workers' compensation carrier had a right of subrogation to recover benefits paid to plaintiff pursuant to the Heart and Lung Act and that plaintiff was entitled to plead, prove and recover the salary and medical benefits at trial.

Procedurally, on February 12, 1998, this court granted reconsideration and stayed its order of January 27, 1998, pending oral argument. Counsel agreed to waive oral argument.

This court now reenters it original order and includes the above opinion in support thereof.

Further, pursuant to 42 Pa.C.S. §702(b), it is ordered that this motion for partial summary judgement involves a controlling question of law as to which there is a substantial ground for difference of opinion, and that an immediate appeal from this order may materially advance the ultimate determination of this matter.

## ORDER

And now, to wit, March 6, 1998, upon consideration of plaintiff's motion for partial summary judgement, it is hereby ordered and decreed that the motion is granted upon a finding that, as a matter of law, the plaintiff may plead, prove and recover those amounts paid to her through the Heart and Lung Act, as well as those amounts paid by the workers' compensation carrier. The Heart and Lung Act provider and the workers' compensation carrier shall have the right of subrogation to any third-party tort-feasor. (See attached: exhibit "A.")

EXHIBIT "A"

In The Court Of Common Pleas
Of Philadelphia County

Trial Division

August Term 1997, No. 3538

Elise Brown v. Craig A. Rosenberger And
Philadelphia Coca Cola Bottling Co.

ORDER

And now, to wit, January 27, 1998, upon consideration of plaintiff's motion for partial summary judgement, it is hereby ordered and decreed that the motion is granted upon a finding that, as a matter of law, the plaintiff may plead, prove and recover those amounts paid to her through the Heart and Lung Act, as well as those amounts paid by the workers' compensation carrier. The Heart and Lung Act benefit provider and the workers' compensation carrier shall have the right of subrogation to any third-party tort-feasor.

By The Court:
/s/Allan L. Tereshko, J.