### Elise BROWN

v.

### Craig A. ROSENBERGER and Philadelphia Coca–Cola Bottling Company, Appellants.

No. 1455 C.D.1998.

Commonwealth Court of Pennsylvania.

Argued Dec. 8, 1998.
Decided Jan. 22, 1999.

---

Richard J. Margolis, Philadelphia, for appellants.

Thomas P. Lang, York, for appellee.

Before McGINLEY, J., LEADBETTER, J., and NARICK, Senior Judge.

LEADBETTER, Judge.

Craig A. Rosenberger and Philadelphia Coca–Cola Bottling Company (Coca–Cola) (collectively, appellants) appeal from an order of the Court of Common Pleas of Philadelphia County (trial court), granting Elise Brown's Motion for Partial Summary Judgment upon finding as a matter of law that Brown:

> may plead, prove and recover those amounts paid to her through the Heart and Lung Act, as well as those amounts paid by the Worker's Compensation carrier. The Heart and Lung Act benefit provider and the Worker's Compensation carrier shall have the right of subrogation to any third party tortfeasor.

*Elise Brown v. Craig A. Rosenberger and Philadelphia Coca Cola Bottling Co.,* No. 3538 (Philadelphia County) (Order dated January 27, 1998).

Brown, employed as a state trooper by the Pennsylvania State Police, was injured while operating a State Police vehicle during the performance of her duties when she was struck by a vehicle driven by Rosenberger, an employee of Coca–Cola, on Interstate 76 in Philadelphia on September 12, 1995. Rosenberger was acting in the course and scope of his employment at the time of the accident.

The Commonwealth of Pennsylvania, through the State Police, paid Brown's medical bills and lost wages pursuant to the provisions of the Heart and Lung Act.[1] Cross Motions for Summary Judgment were filed, and on January 27, 1998, the trial court entered an Order granting Brown's motion for Partial Summary Judgment, stating that as a matter of law, Brown could plead, prove and recover the amounts paid through the Heart and Lung Act, as well as the amounts paid by the workers' compensation carrier and granting the workers' compensation carrier and the Commonwealth of Pennsylvania subrogation rights. On February 12, 1998, the trial court granted reconsideration and stayed its Order of January 27, 1998. On March 6, 1998, the trial court reentered its original Order and certified its Order and Opinion pursuant to 42 Pa.C.S. § 702(b). This appeal followed.[2]

On appeal, appellants raise the issues of whether as of September 12, 1995, the date of the alleged vehicle accident, Sections 1720 and 1722[3] of the Motor Vehicle Financial

---

1. Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. §§ 637–38.

2. A Petition for Permission for Interlocutory Appeal was filed with the Superior Court of Pennsylvania on or about March 25, 1998. Subsequently, the Superior Court *per curiam* transferred disposition of the Petition to the Commonwealth Court and on June 2, 1998, Senior Judge Emil E. Narick entered an Order allowing an Appeal from the Order of Court of March 6, 1998.

3. Section 1720 states:

   In actions arising out of the maintenance or use of a motor vehicle, there shall be no right of subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits, benefits available under section 1711 (relating to required benefits), 1712 (relating to availability of benefits) or 1715 (relating to availability of adequate limits) or benefits paid or payable by a program, group contract or other arrangement whether primary or excess under section 1719 (relating to coordination of benefits).
   75 Pa.C.S. § 1720.
   Section 1722 states:
   In any action for damages against a tortfeasor, or in any uninsured or underinsured motorist proceeding, arising out of the maintenance or use of a motor vehicle, a person who is eligible to receive benefits under the coverages set forth in this subchapter, or workers' compensation, or any program, group contract or other arrangement for payment of benefits as defined in section 1719 (relating to coordination of benefits) shall be precluded from recovering the amount of benefits payable under this subchapter, or workers' compensation, or any program, group contract or other arrangement for payment of benefits as defined in section 1719.
   75 Pa.C.S. § 1722.
   Section 25(b) of the Act of July 2, 1993, P.L. 190, No. 44 provided that §§ 1720 and 1722 were repealed insofar as they relate to "workers' compensation payments or other benefits under the Workers' Compensation Act."

Responsibility Law bar the pleading, proving and recovering of medical bills and wages paid by the Commonwealth of Pennsylvania through the Heart and Lung Act and bar any right of subrogation.

Having reviewed the record, we find that the issues presented to this Court have been thoroughly reviewed and addressed in the opinion of the Honorable Allan L. Tereshko. Accordingly, we affirm on the basis of the trial court's opinion in the matter of *Elise Brown v. Craig A. Rosenberger and Philadelphia Coca Cola Bottling Company*, 35 Phila. 70 (C.P.Pa.1998).

## ORDER

AND NOW, this 22nd day of January, 1999, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby affirmed.